CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 18 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY W. GREEN, | ) |
| | ) Civil Action No. 7:06CV20030 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Gary W. Green, was born on December 1, 1958 and eventually completed the requirements for a high school education. Mr. Green has worked as a truck driver, construction laborer, and mail clerk. He last worked on a regular basis in 2003. On September 11, 2003, Mr. Green filed an application for a period of disability and disability insurance benefits. An earlier application for such benefits had proven unsuccessful. In filing his more recent claim, plaintiff alleged that he became disabled for all forms of substantial gainful employment on August 14, 2003 due to residuals of a right knee replacement, left knee strain, and low back spasms. Mr. Green now maintains that he has remained disabled to the present time. The record reveals that plaintiff met the

insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. § 423.

Mr. Green's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 28, 2005, the Law Judge also ruled that Mr. Green is not disabled. The Law Judge found that plaintiff suffers from traumatic and degenerative joint disease (with total right knee replacement), residuals of colon cancer, and mild depression. Because of these impairments, the Law Judge ruled that plaintiff is disabled for all of his past relevant work roles. The Law Judge assessed Mr. Green's functional capacity as follows:

> The claimant retains the residual functional capacity to perform unskilled sedentary exertional activity, subject to postural, environmental, and mental limitations. The postural limitations include a sit/stand option; and no more than occasionally climb, balance, stoop, kneel, crouch and crawl. The environmental limitations include the need to avoid any exposure to temperature extremes, moving machinery, and hazardous heights. The mental limitations include understand, remember, and carry out only short and simple instructions; and have no more than occasional contact with supervisors, coworkers, and the public. Thus, the claimant is able to do sustained work activities in an ordinary work setting on a regular and continuing basis. (TR 21).

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that Mr. Green retains sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See, gen., 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Green has now appealed to this court.

2

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. As noted above, the Administrative Law Judge decided this case at the fifth and final stage of the Sequential Disability Analysis set forth under 20 C.F.R. § 404.1520. Having found Mr. Green disabled for past relevant work, the Law Judge relied on the testimony of a vocational expert in assessing plaintiff's capacity to perform alternate work roles, given plaintiff's particular combination of age, education, and prior work experience, and considering the residual functional capacity limitations as found by the Law Judge. Unfortunately, the hypothetical question put to the vocational expert did not accurately reflect the residual functional capacity eventually found to exist by the Law Judge. In such circumstances, the court is constrained to conclude that there is "good cause" for remand of this case to the Commissioner for further development and consideration.

The transcript of the administrative hearing reveals the following exchange between the Administrative Law Judge and vocational expert:

3

| | |
|---|---|
| Q [ALJ]: | All right. Does he have any transferable skills to the light or sedentary level? |
| A [VE]: | Well, there are lighter construction type in like driving but that would be all just in terms of the lifting. |
| Q: | Okay. |
| A: | But not sedentary. |
| Q: | Light but not sedentary. All right. All right. For purposes of a hypothetical I want you to consider an individual 43 to 46 years of age, who has a GED, past relevant work as a mail clerk, a construction laborer and a long distance truck driver. He is limited to sedentary work in that he can occasionally lift ten pounds. He could lift five pounds frequently. He should perform his job basically six hours or more in a seated position. A sit/stand option periodically would be nice but is not necessary in the job. He would need to be given breaks of approximately 15 minutes every two hours, hopefully a 30-minute break at the middle of four hours of an eight-hour shift for a meal break. And he would experience one day of absenteeism on a monthly basis because of problems related to his condition. Obviously, he should not be working at heights or he should not be working in extremes in temperature. And he would not be expected to drive automotive equipment in the performance of the work activity. Based on those limitations of that hypothetical, can you identify jobs existing in significant numbers in the regional or national economy that such an individual could perform? |
| A: | Well, basically looking at sedentary, unskilled there would be jobs such as bench worker – . |
| Q: | All right. |
| A: | – interviewer. |
| Q: | Okay. |
| A: | Assembly worker. |

(TR 489-91).

Following the Law Judge's questioning, plaintiff's attorney asked the vocational expert to consider whether plaintiff could perform the jobs as identified, assuming that a sit/stand option is

4

required. In response, the vocational expert indicated that it would depend on how frequently Mr. Green would find it necessary to change positions. (TR 491-92).

As previously noted, the Administrative Law Judge ultimately assessed plaintiff's residual functional capacity as follows:

> The claimant retains the residual functional capacity to perform unskilled sedentary exertional activity, subject to postural, environmental, and mental limitations. The postural limitations include a sit/stand option; and no more than occasionally climb, balance, stoop, kneel, crouch and crawl. The environmental limitations include the need to avoid any exposure to temperature extremes, moving machinery, and hazardous heights. The mental limitations include understand, remember, and carry out only short and simple instructions; and have no more than occasional contact with supervisors, coworkers, and the public. Thus, the claimant is able to do sustained work activities in an ordinary work setting on a regular and continuing basis. (TR 21).

Clearly, the Administrative Law Judge's ultimate findings included notation of mental limitations which were not included in the hypothetical question put to the vocational expert. Moreover, while the Law Judge found it necessary that plaintiff be given a sit/stand option, he did not indicate how often Mr. Green must be allowed to change positions. Thus, the court finds it undisputed that the hypothetical question put to the vocational expert in this case was incomplete.

In Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

Inasmuch as the hypothetical question to the vocational expert in this case did not include all of the exertional and nonexertional limitations ultimately found to exist by the Administrative Law Judge,

5

the court concludes that the Law Judge's reliance on the vocational expert's testimony in finding residual functional capacity for alternate work roles is not supported by substantial evidence. The court believes that it is necessary to remand this case so that proper and comprehensive hypothetical questions can be put to a qualified vocational expert. It can then be determined whether plaintiff can perform alternate work roles existing at the sedentary level, given his particular combination of exertional and nonexertional limitations, as well as his age, education, and past work experience. See, gen., 20 C.F.R. § 404.1520(g).

For the reasons stated, the court finds that plaintiff has established "good cause" for remand of his case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g). An appropriate order of remand will be entered this day. Upon remand, the Commissioner shall conduct a new administrative hearing at which both sides will be allowed to present additional evidence and argument.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 18th day of January, 2007.

_____
United States District Judge

6

Case 7:06-cv-20030-GEC   Document 16   Filed 01/18/07   Page 6 of 6   Pageid#: 37